# EXHIBIT

# A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2004 DEC 17  PM 3:09

IN RE:                                    :    Chapter 11
                                          :
THE IT GROUP, INC., et al.,               :    Bankruptcy Case No. 02-10118
                                          :
            Debtors.                      :    Jointly Administered
                                          :
_____       :    _____
                                          :
OFFICIAL COMMITTEE OF                     :
UNSECURED CREDITORS OF THE                :
IT GROUP, et al., On Behalf               :
of The Estate of The IT                   :
Group, Inc., et al.,                      :
                                          :
            Plaintiff,                    :
                                          :    Adv. No. 04-50735
      v.                                  :
                                          :    Civil Action No. 04-857 JJF
INSTRUMENT SCIENCES AND TECH,             :
INC.                                      :
                                          :
            Defendant.                    :
                                          :

## O R D E R

At Wilmington, this __17__ day of December 2004, for the
reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that the Motion Of Defendant Instrument
Sciences and Technologies, Inc. To Withdraw Bankruptcy Reference
(D.I. 1) is **DENIED**.

                                   UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| THE IT GROUP, INC., et al., | : | Bankruptcy Case No. 02-10118 |
| | : | |
| Debtors. | : | Jointly Administered |
| ——————————————— | : | ——————————————— |
| | : | |
| OFFICIAL COMMITTEE OF | : | |
| UNSECURED CREDITORS OF THE | : | |
| IT GROUP, et al., On Behalf | : | |
| of The Estate of The IT | : | |
| Group, Inc., et al., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Adv. No. 04-50735 |
| v. | : | |
| | : | Civil Action No. 04-857 JJF |
| INSTRUMENT SCIENCES AND TECH, | : | |
| INC. | : | |
| | : | |
| Defendant. | : | |

Eric M. Sutty, Esquire, Jeffrey M. Schlerf, Esquire, and Mary E.
Augustine, Esquire, of THE BAYARD FIRM, Wilmington, Delaware.
Of Counsel: John K. Cunningham, Esquire, Ileana A. Cruz, Esquire,
and Igor M. Tsibelman, Esquire, of WHITE & CASE LLP, Miami
Florida.
Attorneys for Plaintiff.

David P. Primack, Esquire, of DRINKER BIDDLE & REATH LLP,
Wilmington, Delaware.
Attorney for Defendant.

## MEMORANDUM OPINION

December 17, 2004
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Defendant's Motion To Withdraw Bankruptcy Reference (D.I. 1). For the reasons discussed, Defendant's Motion will be denied.

## I.    Background

On January 16, 2002, the Debtors filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code. Pursuant to Section 547 of the Bankruptcy Code, Plaintiffs commenced on January 10, 2004, an adversary proceeding against Defendant seeking to recover $125,113.93 in an allegedly preferential payment (the "Adversary Proceeding"). On May 28, 2004, Defendant served its answer and affirmative defenses, in which it demanded a jury trial. By its motion, Defendant seeks to withdraw the reference of the Adversary Proceeding.

## II.   Parties' Contentions

By its motion, Defendant contends that, because it has refused to consent to trial in the Bankruptcy Court, litigation of the Adversary Proceeding in the Bankruptcy Court would deprive Defendant of its Seventh Amendment right to a jury trial. Such a denial, argues Defendant, is sufficient cause to warrant discretionary withdrawal.

In response, Plaintiff contends that the assertion of a right to a jury trial is not of itself sufficient cause for withdrawal. Plaintiff further contends that Defendant's motion lacks sufficient cause because withdrawal would frustrate the

interests of judicial economy.

## III. Discussion

Pursuant to 28 U.S.C. § 1334(b), district courts "have
original but not exclusive jurisdiction of all civil proceedings
arising under title 11, or arising in or related to cases under
title 11." Pursuant to 28 U.S.C. § 157(a), each district court
may refer cases under title 11 to the Bankruptcy Court for
disposition. Under Section 157(d), however, the referred
proceeding can be withdrawn from the Bankruptcy Court and
returned to the district court. Section 157(d) provides for both
mandatory withdrawal and discretionary withdrawal. In this case,
Defendant seeks withdrawal only under the standards for
discretionary withdrawal.

In providing for discretionary withdrawal, Section 157(d)
states: "The district court may withdraw, in whole or in part,
any case or proceeding referred under this section, on its own
motion or on timely motion of any party, for cause shown." The
requirement that cause be shown "creates a 'presumption that
Congress intended to have bankruptcy proceedings adjudicated in
bankruptcy court, unless rebutted by a contravening policy.'"
Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec., 106 B.R.
367, 371 (D. Del. 1989)(citations omitted).

The Third Circuit has set forth five factors that a district
court should consider in determining whether "cause" exists for

2

discretionary withdrawal.   These factors include: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal.   In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990) (adopting Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985)).   "Another factor sometimes considered by courts analyzing whether withdrawal is appropriate is 'whether the parties have requested a jury trial.'"  In re NDEP Corp., 203 B.R. 905, 908 (D. Del. 1996) (quoting  Hatzel, 106 B.R. at 371).

However, assertion of a Seventh Amendment right to a jury trial, coupled with a refusal to consent to such trial before the Bankruptcy Court, is not of itself sufficient cause for discretionary withdrawal.  "[I]t is well-settled that 'a district court is not compelled to withdraw a reference simply because a party is entitled to a jury trial.'"  In re Apponline.Com, 303 B.R. 723, 727 (E.D.N.Y. 2004) (quoting In re Enron Corp., 295 B.R. 21, 27 (S.D.N.Y.2003) (internal citations omitted)).   A district court may consider a demand for a jury trial insufficient cause for discretionary withdrawal if the motion is made at an early stage of the proceedings and dispositive motions may resolve the matter.  See In re Apponline.Com, 303 B.R. at 728; In re Enron Power Mktg., Inc., 2003 WL 68036, at *10-11; In

3

re Enron Corp., 295 B.R. at 27-28. "Courts have ... recognized
that it serves the interests of judicial economy and efficiency
to keep an action in Bankruptcy Court for the resolution of
pre-trial, managerial matters, even if the action will ultimately
be transferred to a district court for trial. In re Enron Corp.,
295 B.R. at 28 (citing In re Kenai Corp., 136 B.R. 59, 61
(S.D.N.Y.1992)).

Recently, the Court was presented with the same issues
presented by the instant motion. See Official Comm. Of Unsecured
Creditors v. Advanced Masonry, Inc., No. 90-345 (filed November
23, 2004). The Court will follow its decision in Advanced and
deny Defendant's motion (D.I. 1) for the same rationale.

## IV.    Conclusion

For the reasons discussed, the Court will deny the Motion Of
Defendant Instrument Sciences and Technologies, Inc. To Withdraw
Bankruptcy Reference (D.I. 1).

An appropriate Order will be entered.

4